UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

        **MEMORANDUM OPINION AND ORDER**
Criminal No. 17-17 ADM/TNL
Civil No. 20-1381 ADM

Laremus Garard Mosby,

        Defendant.

_____

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Laremus Garard Mosby, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Laremus Garard Mosby's ("Mosby") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 47] ("2255 Motion") and Application to Proceed In Forma Pauperis [Docket No. 48] ("IFP Application").[1]  For the reasons stated below, Mosby's § 2255 Motion is denied and his IFP Application is denied as moot.

## II. BACKGROUND

On March 23, 2017, Mosby entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. ¶¶ 922(g)(1) and 924(a)(2).  Min. Entry [Docket No. 26]; Plea Agreement [Docket No. 28] ¶ 2.  Mosby signed the Plea Agreement, which states that "[t]he defendant admits that he knowingly possessed the firearm on [December 29, 2016], and knew it was illegal for him to possess a gun due to his prior felony convictions."  Plea Agreement ¶ 1.

---

[1] All citations are to the criminal case docket.

On July 25, 2017, Mosby was sentenced to a prison term of 100 months.  Sentencing J. [Docket No. 44] at 2.

Mosby has now filed this § 2255 Motion, arguing he is "actually innocent because the government didn't prove at the time of [the] plea that he knew he was a felon barred from possessing a firearm."  2255 Motion at 4.

### III.  DISCUSSION

**A.  Legal Standard**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice."  Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

The United States Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review."  Bousley v. United States, 523 U.S. 614, 621 (1998).  "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  Id.  "And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.  Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."  Id.

**B. Analysis**

Mosby's sole challenge to his conviction is premised upon the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Rehaif added an additional element that the Government must prove to establish a violation of 18 U.S.C. § 922(g). Specifically, in addition to proving that a defendant knew he possessed a firearm, the Government must also prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. Here, the relevant category is anyone "who has been convicted in any court[ ] of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mosby argues he is "actually innocent because the government didn't prove at the time of [the] plea that he knew he was a felon barred from possessing a firearm." 2255 Motion at 4.

Mosby's claim of actual innocence fails because he admitted in the Plea Agreement that "he knowingly possessed the firearm on the day in question, and knew it was illegal for him to possess a gun due to his prior felony convictions." Plea Agreement ¶ 1. There is no evidence or claim that Mosby failed to understand the substance of his admissions in the Plea Agreement, and there is nothing to suggest that his admissions were involuntary or coerced. Nor did Mosby challenge the voluntariness or intelligence of his Plea Agreement by filing a direct appeal. Thus, he is precluded from collaterally attacking his guilty plea through habeas review. Bousley, 523 U.S. at 621.

Mosby's claim of actual innocence fails for the additional reason that it is inconceivable he would not have known that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Mosby's prior convictions included a 2003 felony conviction in

Minnesota state court for second degree assault for which he received a 30 month sentence, a 2005 felony conviction in Minnesota state court for fleeing a police officer in a motor vehicle for which he received a stayed sentence of 1 year and 1 day, a 2007 felony conviction in federal court for being a felon in possession of a firearm for which he received a 78 months sentence, and an additional felony conviction in Minnesota state court in 2007 for first degree aggravated robbery for which he received a 78 month sentence. See Presentence Investigation Report [Docket No. 38] ¶¶ 53–56. Thus, Mosby's claim that he is actually innocent of the new element of the offense is without merit. See, e.g., United States v. Crumble, 965 F.3d 642, 644–45 (8th Cir. 2020) (rejecting defendant's argument that his felon in possession conviction must be reversed for failure to prove he knew he was a felon where defendant had previously served years in prison for a prior felony conviction); United States v. Hollingshed, 940 F.3d 410, 415–16 (8th Cir. 2019) (same).

Mosby also argues for the first time in his Reply Brief that 18 U.S.C. § 921(a)(20) precludes his prior convictions from being counted as predicate felonies because his civil rights were restored after his prior convictions.[2] See Obj. to Opp'n of United States [Docket No. 51]. This argument is procedurally defective because Mosby did not raise it at the time of the Plea Agreement or on direct appeal. The argument is also untimely because it was not brought within the one-year statute of limitations in 28 U.S.C. § 2255(f). The argument further fails on the merits because Mosby's right to possess a firearm was not restored after his convictions. Mosby's Minnesota convictions for second degree assault and first degree aggravated robbery

---

[2] The statute provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter . . . ." 18 U.S.C. § 921(a)(20).

preclude him from possessing a firearm for the remainder of his lifetime. See Minn. Stat. § 609.165, subd. 1a. ("[A] person who has been convicted of a crime of violence, as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm or ammunition for the remainder of the person's lifetime."); Minn. Stat. § 624.712, subd. 5 (defining second degree assault and aggravated robbery as crimes of violence).

**C.  IFP Application**

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. See, e.g., United States v. Schultz, No. 13–214, 2015 WL 5853117, at *3 (D. Minn. Oct. 7, 2015). Thus, Mosby's IFP Application is denied as moot.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this § 2255 Motion differently, or that any of the issues raised in Mosby's Motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

5

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Laremus Garard Mosby's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 47] is **DENIED**;

2. Mosby's Application to Proceed In Forma Pauperis is [Docket No. 48] is **DENIED AS MOOT**; and

3. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 23, 2020